## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Jennifer Kay Boulden,

    Plaintiff,

v.

John Elasky and Boulder
Pointe Golf Course,

    Defendants.

Case No. 19-cv-3032 (JRT/DTS)

**REPORT AND RECOMMENDATION**

---

Lindsey Krause,[1] Nichols Kaster, PLLP, 4600 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, for Plaintiff

Arthur Waldon IV, 150 South Fifth Street, Suite 3260, Minneapolis, MN 55402, and Brian Wisdorf, 14985 Glazier Avenue, Suite 525, Apple Valley, MN 55124, for Defendants

---

    Defendants John Elasky and Boulder Point Golf Course move to dismiss Jennifer Boulden's sexual harassment and discrimination and age discrimination claims on the ground they are time-barred. Boulden asks the Court to apply equitable tolling to allow them to proceed. The Court concludes that equitable tolling is not justified under the circumstances here and recommends that the motion to dismiss be granted.

## FINDINGS OF FACT

    Boulden was employed by Boulder Point Golf Course until May 25, 2018 when she quit her job. Compl. ¶¶ 5, 11, Docket No. 1. She retained an attorney in September 2018. Boulden Decl. ¶ 3, Docket No. 30. On January 11, 2019 her attorney served a state court complaint on Defendants alleging retaliation in violation of Minnesota's workers'

---

[1] Counsel makes a limited appearance through the Pro Se Project for the purpose of representing Plaintiff with respect to Defendants' motion. Notice of Limited Appearance, Docket No. 26. The Court thanks counsel for her advocacy on Plaintiff's behalf.

compensation statute. Scott Cty. Dist. Ct. Compl. ¶¶ 8-11 and Affid. of Svc., Docket No. 1-1 at 6-8. In June 2019 Boulden's attorney withdrew from representing her. Boulden Decl. ¶ 6, Docket No. 30. She alleges thereafter she twice requested her case file from her former attorney, finally received it, and learned for the first time that the complaint did not include her sexual harassment and discrimination claims. *Id.* ¶ 7. She unsuccessfully searched for new counsel. *Id.* ¶ 8.

On September 19, 2019 Boulden filed a Charge of Discrimination with the EEOC alleging sexual harassment and discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* Charge, Docket No. 1-1 at 3-4. The EEOC closed its file and issued her a right-to-sue letter on September 25, 2019 on the ground that her Charge was not timely filed. Dismissal and Notice of Rights letter, Docket No. 1-1 at 2. Boulden filed this federal *pro se* complaint on December 4, 2019 alleging federal claims of sexual harassment and discrimination under Title VII and age discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. §§ 621-34, and a state law claim of workers' compensation retaliation. Compl. ¶¶ 3, 8-11, Docket No. 1. On March 5, 2019 Defendants brought this motion to dismiss. Docket No. 8. Oral argument was heard on June 4, 2020. Docket No. 33.

## CONCLUSIONS OF LAW

Defendants contend Boulden's claims are time-barred and therefore move to dismiss her complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). A court may dismiss claims under Rule 12(b)(6) as barred by the statute of limitations if the complaint itself establishes they are time-barred. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018). The court may consider the pleadings themselves,

materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record. *Id.*

Boulden opposes the motion by asserting the Court should apply equitable tolling. In support, she submits a declaration stating the circumstances that allegedly demonstrate her diligence and excuse the untimeliness of her EEOC Charge. Because this material goes beyond the pleadings and what is necessarily embraced by the pleadings, and because Defendants had an opportunity to respond to her equitable tolling arguments in their second Reply [Docket No. 32] and at oral argument, the Court will treat Defendants' motion to dismiss under Rule 12(b)(6) as one for summary judgment under Rule 56(a). *See Yousuf v Fairview Univ. Med. Ctr.,* No. 12-cv-2191, 2013 WL 1900653, at *5 (D. Minn. Apr. 10, 2013), *report and recommendation adopted,* 2013 WL 1900651 (May 7, 2013).

A principal purpose of summary judgment procedure is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-24 (1986). A court will grant a motion for summary judgment if the moving party shows there are no genuine disputes of material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The court views the evidence in the light most favorable to the nonmoving party and gives that party the benefit of all inferences that reasonably may be drawn. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 409 (8th Cir. 1988).

**I.   Title VII and ADEA Claims**

The parties agree that Boulden was required to administratively exhaust her Title VII and ADEA claims by bringing an EEOC Charge no later than 300 days after the allegedly discriminatory acts. *See* 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). The 300-day period is not jurisdictional and is subject to equitable tolling. *Coons v. Mineta,*

3

410 F.3d 1036, 1040 (8th Cir. 2005). It is undisputed that Boulden filed her Charge on September 19, 2019, 482 days after her last date of employment. She also admits that her Charge included only her sexual harassment and discrimination claim, not a claim for age discrimination under the ADEA. Pl. Br. 5 n.3, Docket No. 29; EEOC Charge, Docket No. 1-1 at 4. Thus, Boulden's claims are time-barred unless the Court accepts her argument that equitable tolling applies.

The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if she has been prevented from doing so due to inequitable circumstances. *Firstcom v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009). Because statutes of limitation protect important interests of certainty, accuracy, and repose, equitable tolling is only used in exceptional circumstances. *Id.* Boulden, as the party seeking the benefit of this exception to the statute of limitations, has the burden to show she is entitled to equitable tolling by establishing that (1) she pursued her rights diligently and (2) some extraordinary circumstance stood in her way. *See id.* As a general rule, equitable tolling is appropriate only for circumstances that are truly beyond the plaintiff's control. *Shempert v. Harwick Chem. Corp.,* 151 F.3d 793, 797-98 (8th Cir. 1998)

Boulden's counsel served a state court complaint alleging workers' compensation retaliation on January 19, 2019. It did not include claims for sexual harassment and discrimination or age discrimination. The deadline to file an EEOC Charge was March 21, 2019, 300 days after her last day of employment. Her counsel withdrew in June 2019. Boulden filed her EEOC Charge on September 19, 2019 alleging Title VII sexual harassment/discrimination based on sex. Her Charge did not allege age discrimination.

Boulden makes two arguments in support of equitable tolling. First, she alleges she did not know the contents of her state court complaint (specifically, that it did not

4

include her sexual harassment and discrimination claims) until after her counsel withdrew and she received her case file. She intimates that her counsel effectively prevented her from knowing what was alleged in her complaint by failing to provide her a copy, either before or after it was served. And, because it was served but not filed, the state court complaint was not available to her through the court system. Boulden further alleges she was diligent, but unsuccessful, in trying to find new counsel after her counsel withdrew in June 2019.

### A.     Delay in finding replacement counsel

Addressing Boulden's second argument first, the Court finds that her efforts to find new counsel after June 2019 are irrelevant to the request for equitable tolling because the deadline to bring a Title VII or ADEA Charge had passed three months earlier, while she was still represented by her previous counsel. Boulden's alleged diligence in trying to find new counsel after June 2019 has no bearing on her ability to meet a deadline that expired in March 2019. Moreover, even when she did file her EEOC Charge in September 2019, she did so *pro se.* There is nothing in the record before the Court to establish that Boulden's need to find replacement counsel impeded her ability to file a timely EEOC charge.

### B.     Inability to access state court complaint

Boulden alleges her inability to know the contents of her state court complaint kept her from protecting her rights in a timely fashion. Her argument is misplaced. To begin, Boulden's problem is not the content of her state court complaint but rather her failure to file a timely EEOC charge.[2] Thus, Boulden's incorrect understanding of what claims were

---

[2] Even if the content of her complaint were the problem, Boulden has not established sufficient diligence in learning what legal claims were pleaded in the complaint. She could

5

asserted in her state court complaint is irrelevant to the issue here and, specifically, to her request to equitably toll the deadline to file an EEOC charge.

More fundamentally, however, Boulden was still required by statute to exhaust her *federal* claims regardless of whether her state court complaint had included sexual harassment and discrimination claims. Thus, to the extent Boulden seeks to toll the deadline for her federal Charge by arguing she did not know the contents of her state complaint, her argument is unavailing. Nothing obstructed Boulden from timely filing an EEOC charge as required to assert her federal claims.[3] Nor has she suggested, much less established, that her attorney obstructed her ability to file an EEOC charge. Boulden's declaration does not indicate whether the issue of filing such a charge was ever specifically discussed. Boulden's argument to toll the statute with respect to her ADEA claim suffers from the further problem that when she did file her EEOC Charge, she failed to assert a claim for age discrimination under the ADEA. There is simply no basis to toll the statute with respect to this claim.

---

have paid greater attention to the status and details of her state court complaint during the period she was represented. She offers no reason that she did not follow up with her attorney to discuss her complaint or to obtain a copy of it during this period, nor does she allege that her attorney obstructed communications from her or affirmatively misrepresented to her that sexual harassment and discrimination claims were included in the complaint. Her declaration does not include a single example of any occasion, after retaining counsel in September 2018, on which she contacted counsel to find out what was happening with her lawsuit. She says only that she discussed with counsel pursuing multiple claims, including sexual harassment, sex discrimination, and workers' compensation retaliation, and knew that counsel had initiated a state court action. Boulden Decl. ¶¶ 3-5, Docket No. 30.

[3] Moreover, Boulden's federal complaint in this lawsuit does not include any state law discrimination claims. Thus, to the extent she might arguably have had grounds to toll the state statute of limitations applicable to state law discrimination claims based on her attorney's alleged conduct and lack of communication, such arguments are irrelevant to her federal complaint here, which asserts no state law sexual harassment or discrimination or age discrimination claims.

A party's ignorance of the statutory requirement to file a charge of discrimination, or of the statute of limitations period, does not provide a basis for equitable tolling. *See Grimm v. Best Buy Co., Inc.,* No. 16-cv-1258, 2017 WL 9274874, at *6 (D. Minn. Apr. 19, 2017). As a represented party, Boulden had constructive knowledge of the EEOC filing requirements. *See Jacobson v. Pitman-Moore, Inc.*, 624 F.Supp. 937, 943 (D. Minn. 1985). She may well have a remedy against her former attorney, but Defendants are not responsible for her attorney's actions or inaction. *See id.* at 943 ("The result of negating plaintiff's ADEA claim because of the failings of an attorney is, no doubt, harsh. Still, defendant is not responsible for [the] attorney[]'s conduct. . . . Plaintiff's recourse may well be a legal malpractice action against [the attorney]."). Boulden has cited no authority holding that the type of deficiencies in her former attorney's representation that she alleges here constitute an extraordinary circumstance to justify tolling the limitations period.

The Court also sees nothing in the nature of her arguments about her former counsel that would merit further development of the factual record with respect to equitable tolling. Boulden does not identify any line of inquiry that should be further explored, but simply asserts generally that the Court has discretion to order further development of the factual record. Pl. Br. 5, Docket No. 29. To the extent that Boulden seeks to augment the record based on her interaction with her attorney, those facts have always been at her disposal.

Boulden cites *Yousuf v Fairview Univ. Med. Ctr.* for the proposition that equitable tolling applies "where a party acts diligently, only to find [herself] caught up in an arcane procedural snare." 2013 WL 1900653, at *6. But Boulden and her former counsel simply failed to act by the filing deadline. There was no "procedural snare" of the sort

7

encountered by the plaintiff in *Yousuf* where the EEOC sent correspondence to the wrong address, despite Yousuf's repeated notification to EEOC of her proper address, which caused plaintiff to miss a filing deadline. In Boulden's case, there were no obstacles created or contributed to by either the EEOC or Defendants.

The circumstances here do not justify the application of equitable tolling. Thus, Boulden's EEOC Charge alleging sexual harassment and discrimination based on sex in violation of Title VII was untimely and the Court recommends that this claim be dismissed. As for her ADEA claim, her failure to allege an age discrimination claim in her Charge renders this claim both unexhausted and untimely, and the Court recommends her ADEA claim also be dismissed.

## II.     State Law Claim for Workers' Compensation Retaliation

The Court construes ¶¶ 8 and 11[4] of the complaint as stating a state law claim for workers' compensation retaliation. Neither Boulden nor Defendants mention ¶¶ 8 and 11 in their briefs. Defendants do not address any retaliation claim at all in their main or reply briefs [Docket Nos. 10, 32],[5] and Boulden does so only in a footnote in which she says she intends to request leave to add the claim if the Court denies Defendants' motion. Pl. Br. 2 n.1, Docket No. 29.

---

[4] Paragraph 8 ("Nature of the Case") includes a check mark in the box for "Retaliation." Paragraph 11 states, in part: "I was injured on the job 5-21-2018 when a faulty pilot light exploded on my face. As I was going to the ER Mr. Elasky told me NOT to turn it into his work comp. I did anyway. Four days later I got a text message from John telling me I was no longer the food and beverage manager making $13 an hour that I was now a bartender making $10 an hour." Compl., Docket No. 1. A copy of her state court lawsuit for workers' compensation retaliation was filed with other attachments to her *pro se* federal complaint. *See* Docket No. 1-1 at 6-8.

[5] Defendants' original reply brief [Docket No. 21] was filed when Boulden was still *pro se.* After she obtained counsel for this motion, the Court allowed counsel to file an opposition brief [Docket No. 29], to which Defendants filed a second reply brief [Docket No. 32].

Given the Court's recommendation that Boulden's federal claims be dismissed, it also recommends the Court decline to exercise supplemental jurisdiction over her state law workers' compensation retaliation claim, assuming she has asserted one here. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008) (in most cases, when federal claims are dismissed, state claims are dismissed without prejudice as a matter of comity and to promote justice between the parties). Accordingly, any state law claim stated in the complaint should be dismissed without prejudice.

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS:

1.  Defendants' Motion to Dismiss [Docket No. 8] be GRANTED and Boulden's federal claims be dismissed with prejudice.

2.  To the extent Boulden has stated any state law claim for workers' compensation retaliation, that the Court decline to exercise supplemental jurisdiction over such claim and dismiss it without prejudice.

Dated: August 17, 2020              s/ David T. Schultz
                                    DAVID T. SCHULTZ
                                    U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).